UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS PRICE, as trustee of the Vivian Price Family Trust,<br><br>Plaintiff,<br><br>v.<br><br>AMCO INSURANCE COMPANY, an Iowa corporation, DIRECT CHOICE INSURANCE SERVICES, INC., a California corporation, and DOES 1 through 25,<br><br>Defendants. | No. 1:17-cv-01053-DAD-SKO<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES<br><br>(Doc. No. 8) |

On August 8, 2016, plaintiff Douglas Price filed this action against defendants AMCO Insurance Company ("AMCO"), Direct Choice Insurance Services ("Direct Choice"), and Does 1 through 25 in the Tulare County Superior Court, alleging state law claims for breach of contract, tortious breach of the implied covenant of good faith and fair dealing, and professional negligence. (Doc. No. 1-1.) Defendants removed the action to this court on August 7, 2017 on the basis of diversity jurisdiction. (Doc. No. 1.)

On August 16, 2017, plaintiff filed the instant motion to remand the case to state court, arguing that defendants had failed to establish complete diversity of citizenship as required by 28 U.S.C. § 1332. (Doc. No. 8.) Plaintiff also requests an award of attorneys' fees accrued in

1

connection with contesting this motion. (*Id.*)  On September 11, 2017, defendant AMCO filed an opposition to the motion. (Doc. No. 12.)  Plaintiff filed his reply on September 18, 2017. (Doc. No. 13.)  The court heard oral arguments on September 26, 2017.

Having considered the parties' written submissions and oral arguments, and for the reasons set forth below, plaintiff's motion to remand will be granted and his request for an award of attorneys' fees will be denied.

**BACKGROUND**

On August 2, 2017, plaintiff entered into a written settlement agreement with defendant Direct Choice, a California corporation, in which plaintiff agreed to dismiss Direct Choice with prejudice in exchange for a payment of $40,000.  (Doc. Nos. 1; 1-5.)  On August 7, 2017, defendant AMCO, an Iowa corporation, filed its Notice of Removal.  (Doc. No. 1 at 2–3.)  On August 17, 2017, plaintiff submitted a Request for Dismissal to the Tulare County Superior Court as to defendant Direct Choice.  (Doc. No. 12-1 at 4.)  However, the Tulare County Superior Court, however, did not enter the dismissal until August 21, 2017.[1]  (Doc. 12-1 at 8.)

**LEGAL STANDARD**

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  Thus, removal of a state action may be based on either diversity jurisdiction or federal question jurisdiction. *City of Chicago*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Removal jurisdiction is based entirely on federal statutory authority. *See* 28 U.S.C. §§ 1441–1455.  These removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand to the state court if there are doubts as to the right of removal. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1182 (9th Cir. 2015); *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  The defendant seeking

---

[1] Because Direct Choice has now been dismissed from the lawsuit, the term "defendant" as used in this order refers only to defendant AMCO unless otherwise noted.

2

removal of an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992). The district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").[2]

As a general rule, diversity jurisdiction requires complete diversity of citizenship both at the time the action was commenced in state court and at the time of removal. *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). However, an exception to this rule applies if a subsequent "'voluntary' act of the plaintiff brings about a change that renders the case removable." *People of the State of Cal. By and Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993) (quoting *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978)). When this occurs, the court is instructed to look to the citizenship of the parties "on the basis of the pleadings filed at the time of removal." *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (citing *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991)).

**DISCUSSION**

Plaintiff contends that defendant failed to establish facts necessary to support diversity jurisdiction in federal court. Diversity jurisdiction exists in actions between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Plaintiff has alleged damages in excess of $75,000. Accordingly, the sole issue is whether complete diversity exists between the parties. (Doc. No. 1-13.) More precisely, the question before the court is whether a plaintiff's enforceable written agreement to settle and dismiss all claims against the only non-diverse defendant is sufficient to establish diversity

---

[2] An order remanding a case based on a lack of subject matter jurisdiction is not appealable. 28 U.S.C. § 1447(d); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638–39 (2009).

jurisdiction and permit removal, even where the non-diverse defendant has not yet been formally dismissed from the case by the court.

Plaintiff cites the decision in *Self v. Gen. Motors Corp.,* 588 F.2d 655, 656 (9th Cir. 1978) as the most pertinent Ninth Circuit authority in this regard.[3] In *Self*, the plaintiff proceeded to trial against two defendants, one diverse and one not. After a final judgment was rendered, the diverse plaintiff (General Motors) moved for a new trial, which was granted. *Id.* General Motors then removed the case to federal court on the theory that, since final judgment had already been entered against the non-diverse defendant, they were no longer an interested party in the case. The Ninth Circuit disagreed, holding that the case could become removable "only . . . by the voluntary amendment of [the] pleadings by the plaintiff or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or of parties defendant." *Id.* at 659 (internal citations omitted). The dispositive fact in the court's view was that the non-diverse defendant remained a formal party to the case at the time of removal: whether a case becomes removable depends "solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion." *Id.*

Although the decision in *Self* does not definitively answer the question now before this court, it provides strong support for the conclusion that removal is improper until and unless the non-diverse defendant has been formally dismissed from the action. Several district courts within the Ninth Circuit have ruled accordingly. *E.g.*, *Tyler v. Am. Optical Corp.*, No. LA CV16-02337 JAK (ASx), 2016 WL 1383459, at *4 (C.D. Cal. Apr. 7, 2016) (holding that because the non-diverse defendant "was not dismissed from this action while it was pending in the Superior Court . . . removal of this action was improper."); *Unterleitner v. Basf Catalysts LLC*, No. 16-cv-00818-JSC, 2016 WL 805167, at *3 (N.D. Cal. Mar. 2, 2016) (finding dismissal improper even if the parties had reached a settlement agreement, since "the state court ha[d] not yet entered a formal

---

[3] Defendant vigorously contests plaintiff's reliance upon *Self*, calling it "dicta taken out of context" because the facts in *Self* were different than those in this case. (Doc. No. 12 at 10.) Defendant is correct that the Ninth Circuit has not spoken directly to the question presented here. (*Id.* at 11.) Nonetheless, the court finds the reasoning and analysis of *Self* to be, at the very least, instructive in resolving the issue now before it. *See Sanchez v. Mukasey*, 521 F.3d 1106, 1110 (9th Cir. 2008).

4

dismissal of the non-diverse defendant"); *Moody v. Armstrong Int'l, Inc.*, No. CV 15-9491-GHK (FFMx), 2016 U.S. Dist. LEXIS 783, at *5–6 (C.D. Cal. Jan. 4, 2016) ("Because [the defendant] has not been formally dismissed from this action, its citizenship should not be disregarded for purposes of determining if complete diversity of citizenship exists between the Parties such that removal is proper."); *Garcia v. Allstate Ins. Co.*, No. 2:14-CV-06478-CAS(AGRx), 2014 WL 12708964, at *1 (C.D. Cal. Oct. 24, 2014) (same); *Clark v. BHP Copper, Inc.*, No. C10-1058 TEH, 2010 WL 1266392, at *2 (N.D. Cal. Mar. 30, 2010) (same); *Dunkin v. A.W. Chesterton Co.*, No. C 10-458 SBA, 2010 WL 1038200, at *3 (N.D. Cal. Mar. 19, 2010) (same). *Contra Moore v. Goodyear Tire & Rubber Co.*, No. CV-11-01174-PHX-NVW, 2011 WL 3684508, at *2–3 (D. Ariz. Aug. 23, 2011) (finding removal proper despite the fact that the non-diverse defendant had not yet been dismissed as of the date of removal).

Outside of this circuit, the trend is admittedly the reverse. Both the Fifth and Eighth Circuits have addressed this issue, with both holding that since the binding settlement agreements had "effectively eliminated" the non-diverse defendants from the case, removal was proper even if the non-diverse defendants were still technically a party to the case at the time of removal. *See Estate of Martineau,* 203 F.3d at 912; *see also Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 903 n.2 (8th Cir. 1986). Other district courts, though not bound by either of those decisions, have nonetheless found their logic persuasive. *See, e.g.*, *Turley v. Stilwell*, No. 11-CV-0030-CVE-FHM, 2011 WL 1104543, at *3–6 (N.D. Okla. Mar. 22, 2011); *Adams v. Estate of Keck*, 210 F. Supp. 2d 863, 865 (W.D. Ky. 2002).[4]

---

[4] At least one court within this Circuit has endorsed a third approach, which "splits the difference" between these two camps. In *Barajas v. Cont'l Tire the Americas, LLC*, plaintiff filed its Notice of Dismissal with Prejudice in the state court, but the state court had not yet formally dismissed those defendants. No. 3:17-CV-00212-BR, 2017 WL 2213152, at *2 (D. Or. May 18, 2017). The court in *Barajas*, citing to various out-of-circuit authorities, found that removal in that case was proper even without a formal dismissal. *Id.* at *7 (*citing Chohlis*, 760 F.2d at 903 n.2; *Ratcliff v. Fibreboard Corp.*, 819 F. Supp. 584, 587 (W.D. Tex. 1992); *King v. Kayak Mfg. Corp.*, 688 F. Supp. 227, 229–30 (N.D. W. Va. 1988)). This court finds that the holding in *Barajas*, is not in keeping with the requirements of *Self*. In any event, the *Barajas* decision does not aid defendant here since plaintiff in the present case did not submit his Request for Dismissal to the Tulare County Superior Court until August 17, 2017, ten days after defendant removed this action to federal court. (Doc. No. 12-1 at 4.)

5

As noted, the underlying principle applied by the Ninth Circuit in *Self* was a formalistic analysis of the pleadings. If—on the face of the pleadings at the time of removal—complete diversity is lacking, that is the end of the matter. Indeed, the dissents primary disagreement in *Self* was due to what the dissenting judge perceived as the majority's "wooden and rigid interpretation" of the statutory removal requirements. *Self*, 588 F.2d at 660 (Ely, J., dissenting) ("I cannot, absent plain and unequivocal direction from the Supreme Court, accede to the proposition that the Court has fashioned and perpetuated a formalistic and artificial rule of procedure devoid of any supporting rationale."). Here, in looking to the pleadings, it is apparent that on the date defendant filed its notice of removal, Direct Choice remained a party to the action. (*See* Doc. No. 12-1 at 8) (dismissing Direct Choice on August 21, 2017, 14 days after defendant removed this action to federal court). Since Direct Choice is not diverse from plaintiff and was a party to the action on the date defendant removed this action to federal court, it follows that complete diversity of citizenship was lacking at the time of removal.

Defendant directs the court's attention to two Supreme Court decisions which, it claims, compel a contrary result. In *Powers v. Chesapeake & O. Ry. Co.*, 169 U.S. 92, 101 (1898), the court considered a removal petition after plaintiff "discontinued his action" as to all non-diverse defendants. In permitting removal of the action, the Supreme Court found the fact that plaintiff had "discontinued his action" as to the non-diverse defendants dispositive. *Id*. In the present case, defendant argues that by entering into a settlement agreement with Direct Choice, plaintiff has similarly discontinued its action. If so, removal would indeed be proper.

The Supreme Court in *Powers* did not define what it meant by use of the term "discontinued." However, an examination of the background of the litigation in *Powers* demonstrates why defendant's argument here fails. The plaintiff in *Powers* did not merely enter into a settlement agreement with the non-diverse defendants, as in the present case; rather, he formally dismissed them from the action. *Powers v. Chesapeake & O. Ry. Co.*, 65 F. 129, 131 (C.C.D. Ky. 1895), *aff'd*, 169 U.S. 92 (1898) ("Just before the trial, without request or knowledge on their part, the defendants, except the company, were dismissed."); *see also Self*, 688 F.2d at 657 (reciting the procedural history of *Powers* and finding that "[a]fter the time period for

removal to federal court had elapsed . . . the plaintiff dismissed the non-diverse defendant"). It is apparent that what the Supreme Court in *Powers* referred to as "discontinued the action" is identical to actual "dismissal." Therefore, if anything, the decision in *Powers* provides further support for the conclusion that formal dismissal of the non-diverse party is required before a case may be removed.

Defendant also argues that the decision in *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458 (1980) supports removal in this case and denial of plaintiff's motion to remand. In *Navarro* the Supreme Court held that when determining subject-matter jurisdiction, courts must "disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.* at 461 (internal citations omitted). The case dealt with the question of whether a trustee of a business trust was a real party to a controversy, with the Supreme Court finding that it was because the trustee held legal title, managed the assets, and controlled the litigation. *See generally id.* Here, however, defendant has provided no support for the proposition that defendants who enter into a settlement agreement are thereby transformed into "nominal or formal parties." *Id.* at 461. Absent such authority, the court concludes that the decision in *Navarro* has no application to resolution of the question before the court.

In sum, since non-diverse defendant Direct Choice had not been dismissed from the action as of the date its removal to federal court, plaintiff's motion to remand will be granted.

**A.   Attorney's Fees**

Plaintiff also moves for an award of attorneys' fees accrued in contesting the present motion for remand. Courts have discretion to award attorneys' fees based on the reasonableness of the removal. *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007); *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). Plaintiff argues that an award of attorneys' fees is appropriate here because not only is the law plainly in plaintiff's favor, but further that defendant "*cannot* have . . . a good faith belief in the merits of its position." (Doc. No. 8 at 8.) The court disagrees.

The court has already discussed the state of the law in this area, which is fairly characterized as unsettled. The conclusion reached by the undersigned is in accord with most—

but not all—of the other district courts in this Circuit to have addressed the issue. However, the only federal appellate courts to have considered the question have come to the opposite conclusion, as have many district courts across the country. *See Moore*, 2011 WL 3684508, at *2 (examining multiple decisions nationwide and finding more cases to be in accord with the holdings of the Fifth and Eighth Circuits). Given this uncertainty, and in the absence of binding Ninth Circuit authority that speaks precisely to this question, the court cannot conclude that defendant's actions in removing the case to federal court were unreasonable. Plaintiff's request for attorneys' fees will therefore be denied.

## CONCLUSION

For all of the reasons set forth above:

1. Plaintiff's motion to remand this action to Tulare County Superior Court (Doc. No. 8) is granted;
2. Plaintiff's request for attorneys' fees accrued in connection with this motion for remand contesting removal is denied; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 6, 2017**  
                                                      UNITED STATES DISTRICT JUDGE